# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 23, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM MICHAEL REESE,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1542**  (BOR Appeal No. 2045795)
                        (Claim No. 2009086277)

**WEST VIRGINIA DIVISION OF**
**ENVIRONMENTAL PROTECTION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William Michael Reese, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Division of Environmental Protection, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 13, 2011, in which the Board affirmed a March 10, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 18, 2010, decision denying Mr. Reese's request for authorization of Lidoderm patches. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Reese sustained multiple injuries on April 1, 2009, when he slipped and fell at work. Dr. Ranson requested authorization for the use of Lidoderm patches, and stated in an April 7, 2010, treatment note that he was prescribing the patches because Mr. Reese had had success with them in the past. On April 30, 2010, Dr. Mukkamala reviewed Mr. Reese's medical record and recommended that the request for authorization of Lidoderm patches be denied. He noted that the compensable conditions in the claim are: lumbosacral sprain; sprain of back, unspecified;

1

contusion of wrist; contusion of knees; sprain of neck; lumbar sprain; and thoracic sprain. Dr. Mukkamala then found that Lidoderm patches are only approved by the FDA for the treatment of post-herpatic neuralgia, and that therefore the use of Lidoderm in this case would be considered an off-label use. On June 11, 2010, the StreetSelect Grievance Board recommended denying the request for authorization of Lidoderm patches. It found that the record does not indicate what condition the patches are being prescribed for, but found that Mr. Reese is one year post-injury and eight months post-maximum medical improvement and therefore is outside the acute care period for the use of an off-label medication. It further found that the record indicates that Mr. Reese has had a long-term prescription for Lidoderm, but that there is no evidence showing payment for the medication under the claim.

In its Order affirming the June 18, 2010, claims administrator's decision, the Office of Judges held that the evidence of record failed to show that the use of Lidoderm is medically related and reasonably required for the treatment of the April 1, 2009, injury. Mr. Reese disputes this finding and asserts that the evidence of record demonstrates that the use of Lidoderm is medically related and reasonably required for the treatment of the April 1, 2009, injury.

The Office of Judges found that Dr. Ranson failed to explain how his request for authorization of Lidoderm patches is related to the April 1, 2009, injury. The Office of Judges further found that in light of the lack of support for authorization for Lidoderm patches contained in the medical record, the April 30, 2010, findings of Dr. Mukkamala and the June 11, 2010, findings of the StreetSelect Grievance Board are persuasive. The Board of Review reached the same reasoned conclusions in its decision of October 13, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 23, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

# DISSENTING:
Justice Menis E. Ketchum

2